IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: MONA M. AKROM, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 06-705 |
| | ) | |
| DONALD L. POLLEY, | ) | |
| BP RETIREMENT ACCUMULATION | ) | |
| PLAN, successor to Atlantic Richfield | ) | |
| Retirement Plan, BP CORPORATION | ) | |
| NORTH AMERICA, successor to | ) | |
| Atlantic Richfield Corporation, and | ) | |
| FIDELITY EMPLOYER SERVICES CO., | ) | |
| L.L.C., successor to Fidelity Investments | ) | |
| Institutional Operations Company, Inc., | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the motion to dismiss or for summary

judgment filed by defendants BP Retirement Accumulation Plan, BP Corporation North America

and Fidelity Employer Services Co., L.L.C. (Document No. 3), treated as a motion for summary

judgment, be granted, and that the complaint also be dismissed as to defendant Donald Polley.

II. Report:

Presently before the Court is a motion to dismiss the complaint or, in the

alternative, for summary judgment submitted by defendants BP Retirement Accumulation Plan

(the "BP Plan"), BP Corporation North America ("BP"), and Fidelity Employer Services Co.,

L.L.C. ("Fidelity Employer Services") (collectively, the "moving defendants").  For reasons

discussed below, the moving defendants' current motion, treated as a motion for summary

judgment, should be granted, and this case should be dismissed as to all parties.

The plaintiff, Mona M. Ankrom, formerly known as Mona M. Polley when she

was married to defendant Donald Polley, commenced this action under the Employee Retirement

Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA").[1]  In the complaint, the

plaintiff seeks monies allegedly due her under Donald Polley's retirement plan due to the

defendants' alleged breach of fiduciary duties and Donald Polley's forgery of her signature,

which made it appear she had waived her right to a joint and survivor annuity.  Named as

defendants are the BP Plan (successor to the Atlantic Richfield Retirement Plan), BP (successor

to Atlantic Richfield Corp.), Fidelity Employer Services (successor to Fidelity Investments

Institutional Operations Co., Inc.) and Donald Polley.

The plaintiff alleges in the complaint that defendant Donald Polley was an

employee of Atlantic Richfield Corp. and a participant in its Retirement Plan (the "Plan"); that

Donald Polley chose to retire on June 1, 2000, at which time he was in the process of obtaining a

divorce from the plaintiff; that to secure a lump sum distribution of his retirement funds, Mr.

Polley submitted a claim form provided by the Plan Administrator, Fidelity Investments

Institutional Operations Co.; that the claim form had an option, which allowed a spouse to waive

her right to a joint and survivor annuity, but if a spouse opted to waive her right to the annuity,

the Plan required her to sign the waiver and have it notarized; that the claim form prepared by the

Plan Administrator and utilized by Mr. Polley was defective, in that it provided space for the

---

1.    The complaint fails to specify the basis for the Court's subject matter jurisdiction, but the
civil cover sheet to the complaint confirms that the plaintiff's suit is brought pursuant to ERISA.
The Court has supplemental jurisdiction over the plaintiff's state law claims.

notary's signature and seal, but no space to insert the name of the person whose signature was being notarized; and that Mr. Polley used the form to forge the plaintiff's signature, authorizing the Plan to pay him a lump sum distribution of all his retirement funds.

It is the plaintiff's contention that she was a beneficiary under the terms of Mr. Polley's Retirement Plan, and having not executed a valid waiver of the joint and survivor annuity, she is entitled to one-half of the value of the annuity due to the defendants' misconduct. The plaintiff has filed a four-count complaint, which we summarize as follows.

In Count I, the plaintiff asserts a claim against BP, the BP Plan and Fidelity Employer Services "to enforce payment of benefits due beneficiary", claiming "the Plan still owes her the same duty to provide benefits that [it] owed to her on June 1, 2000." (Complaint at ¶ 17).  In Count II, the plaintiff brings a claim against Fidelity Employer Services for "negligence in distribution of plan benefits", claiming its "election form was negligently prepared and used ... and facilitated the forgery of [her] signature ... after the notary's seal had been affixed [to the form] so that it appeared that her signature was notarized." (Complaint at ¶ 21).  In Count III, BP, the BP Plan and Fidelity Employer Services are said to be liable "for treating [the plaintiff] in bad faith", due to their "intervention in [her] divorce proceeding... as a means of avoiding liability caused by their own negligence in creating and using the retirement election form in a manner that facilitated Mr. Polley's use of a forged signature to avoid the spousal waiver as required by ERISA." (Complaint at ¶ 27).  Count IV is brought against Donald Polley for forging the plaintiff's signature on the spousal waiver portion of his benefit election form, which allowed him to receive a lump sum payment which he used for his own benefit. (Complaint at ¶¶ 30-32).

In response to the complaint, the moving defendants submitted a motion to

dismiss the claims against them for failure to state a viable claim or, in the alternative, for

summary judgment.  In support of their motion, the moving defendants argue that the plaintiff's

purported state law claims are preempted by ERISA, and further, that the plaintiff's ERISA

claim -- premised on their alleged breach of fiduciary duty -- is time-barred.  We agree.

ERISA applies to and covers "any employee benefit plan" established or

maintained by any employer engaged in commerce.  29 U.S.C. § 1003(a)(1).  It is not disputed

that the BP Plan at issue is governed by ERISA.

In FMC Corp. v. Holliday, 498 U.S. 52, 58 (1990), the Supreme Court noted that

ERISA's preemption clause "is conspicuous for its breadth."  "It establishes as an area of

exclusive federal concern the subject of every state law that relates to an employee benefit plan

governed by ERISA."  Id. [2]  State law "relates to" a benefit plan if it has any "connection with or

reference to such a plan".  Id.; Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47 (1987).

Here, the plaintiff characterizes several of her claims as arising under state law,

but they "relate to" the Plan or have a connection with it.  For instance, in Count II, the plaintiff

insists the Plan Administrator was negligent in preparing a defective claim form used by Donald

Polley to facilitate her forged signature, which made it appear she signed a notarized waiver of

the joint and survivor annuity option.[3]  In Count III, the plaintiff alleges that the Plan and Plan

Administrator engaged in bad faith by intervening in the Polleys' divorce proceeding "as a means

of avoiding liability caused by their own negligence in creating and using the retirement election

---

2.    The preemption clause in ERISA provides in relevant part: "... the provisions of this subchapter and subchapter III of this chapter shall supercede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."  29 U.S.C. § 1144(a).

3.    See, complaint at ¶¶ 19 and 21.

form in a manner that facilitated Mr. Polley's use of a forged signature to avoid the spousal waiver required by ERISA."[4]

Since the plaintiff's state law claims for negligence and bad faith must be adjudicated with reference to the Plan, they are preempted by ERISA.  See, 1975 Salaried Retirement Plan for Eligible Employees of Crucible v. Nobers, 968 F.2d 401, 406 (3d Cir. 1992); Shiffler v. Equitable Life Assurance Society of U.S., 838 F.2d 78, 81-82 (3d Cir. 1988).  Even assuming, however, that Counts II and III are deemed to arise under ERISA, they would entail claims for breach of fiduciary duty which are time-barred, as discussed more fully below.

In Count I of the complaint, the plaintiff avers she is "a beneficiary under the terms of the Plan, [who] did not execute a valid waiver of the joint and survivor annuity, [such that] the Plan still owes her the same duty to provide benefits that [it] owed to her on June 1, 2000", when Donald Polley retired.[5]  The plaintiff seeks to recover "one-half of the value of the joint and survivor annuity to which she would have been entitled as the spouse of Donald L. Polley under the terms of his retirement Plan", had the defendants not distributed a lump sum payment of the funds to Mr. Polley pursuant to her forged signature.[6]  We perceive this claim as arising under ERISA.  However, the moving defendants insist this claim is one for breach of fiduciary duty pursuant to § 502(a)(3) of ERISA.[7]  In contrast, the plaintiff argues that her claim

---

4.  Id. at ¶ 27.

5.  See, complaint at ¶ 17.

6.  Id. at ¶¶ 8-14, 17(1).

7.  Section 502(a)(3) of ERISA provides in relevant part,
    A civil action may be brought --

(continued...)

in Count I is brought under § 502(a)(1)(B) of ERISA, as she seeks benefits due under the Plan.[8]

The distinction in causes of action is significant here, for an ERISA claim for

breach of fiduciary duty is time-barred pursuant to the applicable three-year limitations period in

29 U.S.C. § 1113, whereas an ERISA claim to recover improperly-distributed benefits is not.[9]

Unfortunately for the plaintiff, by virtue of the Rooker-Feldman doctrine, it appears that she is

barred from arguing that her claim should be construed as one to recover Plan benefits under

§ 502(a)(1)(B) of ERISA.

Under the Rooker-Feldman doctrine, federal district courts lack subject matter

jurisdiction to review state court adjudications or evaluate constitutional claims that are

"inextricably intertwined" with the state court's decision.  Guarino v. Larsen, 11 F.3d 1151, 1156

(3d Cir. 1993), citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n.16

---

(...continued)
.... (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan...   29 U.S.C. § 1132(a)(3).

8.   Section 502(a)(1)(B) of ERISA provides in relevant part,
      A civil action may be brought --
      (1) by a participant or beneficiary... (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan...   29 U.S.C. § 1132(a)(1)(B).

9.   Since ERISA does not provide a statute of limitations for claims other than breaches of fiduciary duties, courts must apply the most analogous state law limitations period.  Gluck v. Unisys, 960 F.2d 1168, 1179 (3d Cir. 1992).  In cases where an ERISA claim seeks to reinstate an improperly removed non-bargained-for benefit or to avoid a prohibited transaction, the claim is governed by Pennsylvania's general six-year statute of limitations.  Id. at 1181.  The present complaint was filed on May 31, 2006, which was within six years of when the plaintiff became aware of the lump sum distribution of retirement funds to Donald Polley by reason of his forgery of her signature.

(1983) and <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 414 (1923).  The Third Circuit Court of

Appeals has explained:

> [A] claim is barred by <u>Rooker-Feldman</u> under two
> circumstances: first, if the federal claim was actually
> litigated in state court prior to the filing of the federal
> action or, second, if the federal claim is inextricably
> intertwined with the state adjudication, meaning that
> federal relief can only be predicated upon a conviction
> that the state court was wrong.  In either case, <u>Rooker-
> Feldman</u> bars a litigant's federal claims and divests the
> District Court of subject matter jurisdiction over those
> claims.

<u>Walker v. Horn</u>, 385 F.3d 321, 329 (3d Cir. 2004) (citation omitted).

"[T]he <u>Rooker-Feldman</u> doctrine prohibits District Courts from adjudicating

actions in which the relief requested requires determining whether the state court's decision is

wrong or voiding the state court's ruling."  <u>Id.</u>, quoting <u>Desi's Pizza, Inc. v. City of Wilkes-

Barre</u>, 321 F.3d 411, 419 (3d Cir. 2003); also see, <u>Whiteford v. Reed</u>, 155 F.3d 671, 674 (3d Cir.

1998) ("<u>Rooker-Feldman</u> precludes a federal action if the relief requested in the federal action

would effectively reverse the state decision or void its ruling").  The issue of whether the

plaintiff's ERISA claim constitutes a cause of action for breach of fiduciary duty, or is one to

recover Plan benefits was ruled upon by the Court of Common Pleas of Mercer County, PA in an

Opinion and Order dated December 6, 2004, which emanated from the divorce proceeding

brought by Mona M. Polley against Donald L. Polley at Docket No. 2000-813 (and pertained to

BP Plan's Petition to Rescind a Qualified Domestic Relations Order ("QDRO") entered in the

divorce proceeding).[10]

_____

10.   See, moving defendants' concise statement of material facts at ¶¶ 3, 31 and 34 (citing
                                                              (continued...)

In its Opinion and Order dated December 6, 2004, the Court of Common Pleas

rescinded the QDRO at issue and opined in pertinent part as follows:

> ... Plaintiff asks this Court, in addition to finding her signature
> forged, to also determine what duty was owed by the Plan to
> Mona M. Polley in regard to determining whether her signature
> on the payment request was forged, i.e., did the Plan have a
> duty to not be negligent, reckless, willful and wanton or not
> act with actual knowledge and disregard in making payment
> over her forged signature.
>
> The only circumstances under which a State court could hear
> ERISA claims are actions to recover benefits due under the
> terms of a Plan; to enforce rights under the terms of a Plan;
> or to clarify rights under the terms of a Plan.  29 U.S.C.A.
> Section 1132(a)(1)(B).  The case at bar does not fall into any
> of these three areas.
>
> Plaintiff claims that by paying the entire lump-sum benefit to
> her former spouse, the Plan violated a duty to her.  This may
> well be true but it is not for this Court to determine what that
> duty was or if it was violated.  That is reserved to the federal
> courts.  Thus, this Court does not have subject matter
> jurisdiction to hear Plaintiff's claim for breach of fiduciary duty.[11]

The plaintiff appealed the ruling of the Court of Common Pleas to the

Pennsylvania Superior Court.[12]  On February 6, 2006, the Pennsylvania Superior Court affirmed

the decision of the Court of Common Pleas, holding that the plaintiff's claim was one for breach

---

10.   (...continued)
attached portions of the state court record therein) and plaintiff's response thereto.

11.   See, pp. 135-136 of the record, attached as exhibits to the moving defendants' concise
statement of material facts.

12.   See, moving defendants' concise statement of material facts at ¶ 35 and plaintiff's
response thereto.

of fiduciary duty under ERISA, over which the state courts lacked subject matter jurisdiction.[13]

Specifically, the Pennsylvania Superior Court ruled:

> Under ERISA, state courts do not have jurisdiction to make a
> determination of whether a plan fiduciary has breached its
> duties.  Smith v. Crowder, 421 A.2d 1107, 1112 (Pa. Super. 1980).[14]
>
> ...[C]ontrary to Appellant's argument, the present claim relates
> directly to the administration of the BP Plan.  Appellant seeks
> to hold the BP Plan accountable for releasing pension funds
> under false pretenses.  Appellant conceded as much at the BP
> Plan's petition to intervene hearing.  See, N.T. Transcript of
> Proceedings, 10/5/04, at 12.  Therefore, we will not allow
> Appellant to change course now by framing the inquiry from
> one of plan mismanagement to collection of pension benefits
> through enforcement of the QDRO (entered on February 23,
> 2003 and rescinded on December 6, 2004).  See, Appellant's
> brief, at 8-9....
>
> We read Appellant's claim to be an action to resolve the
> propriety of the plan administrator's dissemination of funds in
> the face of an allegedly forged non-employee/spouse's signature
> needed to release said funds to the employee/spouse/plan participant.
> See, N.T. Transcript of Proceedings, 10/5/04, at 12.  So framed, we
> hold Appellant's claim is within the embrace of ERISA, the
> resolution of which is to be pursued in the federal courts as the
> venue to air her grievance.[15]

The plaintiff did not appeal the ruling of the Pennsylvania Superior Court.

Having examined the moving defendants' concise statement of material facts and

portions of the aforesaid state court opinions, we treat the moving defendants' current motion as

---

13.   Id. at ¶ 36.

14.   See, p. 145 of the record, attached as part of the exhibits to the moving defendants'
concise statement of material facts.

15.   See, p. 147 of the record, attached as part of the exhibits to the moving defendants'
concise statement of material facts.

one for summary judgment.  That is because on a motion to dismiss, a court "'may take judicial notice of another court's opinion -- not for the truth of the matter asserted, but for the existence of the opinion.'" Brody v. Hankin, 145 Fed.Appx. 768, 772 (3d Cir. 2005), quoting Southern Cross Overseas Agencies v. Wah Kwong Shipping Group, 181 F.3d 410, 426 (3d Cir. 1999). "Thus, 'a court that examines a transcript of a prior proceeding to find facts converts a motion to dismiss into a motion for summary judgment.'". Id.  Also see, Lum v. Bank of America, 361 F.3d 217, 222 n.3 (3d Cir. 2004) ("While a prior judicial opinion constitutes a public record of which a court may take judicial notice, it may do so on a motion to dismiss only to establish the existence of the opinion, not for the truth of the facts asserted in the opinion").  Summary judgment is appropriate if no genuine issue of material fact is in dispute, and the movants are entitled to judgment as a matter of law.  F.R.Civ.P. 56(c); Biener v. Calio, 361 F.3d 206, 210 (3d Cir. 2004).

"A federal claim is 'inextricably intertwined' with an issue adjudicated by a state court when: (1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take an action that would negate the state court's judgment." Horn, supra, 385 F.3d at 330.  Here, the state court's finding that the plaintiff's ERISA claim was one for breach of fiduciary duties and not a claim for benefits under § 502(a)(1)(B) was inextricably intertwined with its ruling that it lacked subject matter jurisdiction to hear the plaintiff's claim.  That is because while state courts and federal courts have concurrent jurisdiction over ERISA claims for benefits under § 502(a)(1)(B), jurisdiction over ERISA claims for breach of fiduciary duty lies exclusively in federal courts.  See, 29 U.S.C. § 1132(e)(1).  Thus, if we were to find that the plaintiff's claim constitutes one for

Plan benefits under ERISA § 502(a)(1)(B), as she urges, it would require us to conclude that the state court's ruling was erroneous.  Since "the Rooker-Feldman doctrine prohibits District Courts from adjudicating actions in which the relief requested requires determining whether the state court's decision is wrong or voiding the state court's ruling", Horn, 385 F.3d at 329, the plaintiff is barred from arguing that her ERISA claim is one for Plan benefits under § 502(a)(1)(B). Hence, we find that the plaintiff's ERISA claim is one for breach of fiduciary duty.

In support of their current motion, the moving defendants argue that the plaintiff's claim for breach of fiduciary duty is barred by the applicable three-year limitations period.  We agree.  Section 413 of ERISA, 29 U.S.C. § 1113, provides:

> No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of –
>
>    (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation, or
>
>    (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;
>
> except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

By its terms, "ERISA's statute of limitations provision offers a choice of periods, depending on whether the plaintiff has actual knowledge of the breach." Cetel v. Kirwan Financial Group, Inc., 460 F.3d 494, 511 (3d Cir. 2006).  That is,  29 U.S.C. § 1113 "creates a general six year statute of limitations shortened to three years in cases where the plaintiff has actual knowledge of the breach".  Kurtz v. Phila. Elec. Co., 96 F.3d 1544, 1551 (3d Cir. 1996).

"[F]or purposes of determining actual knowledge, it must be shown that a plaintiff "actually

knew not only of the events that occurred which constitute the breach or violation but also that

those events supported a claim of breach of fiduciary duty"". Cetel, 460 F.3d at 511, quoting

Montrose Med. Group Particip. Savs. Plan v. Bulger, 243 F.3d 773, 787 (3d Cir. 2001).

   Here, the record shows that on August 27, 2001, the plaintiff had actual

knowledge that the Plan paid to Donald Polley a lump sum distribution of his retirement

funds based on his forgery of her signature on the retirement claim form.[16]  On October 17, 2001,

the plaintiff had actual knowledge that a cause of action for breach of fiduciary duty existed, as

the BP Plan, having been joined as an additional defendant in the Polleys' aforesaid divorce

proceeding, removed the divorce proceeding to this Court at C.A. 01-1951, whereupon it asserted

that the Court had original jurisdiction under 28 U.S.C. § 1331, as the plaintiff sought benefits

under the terms of the Plan, or damages from it under a breach of fiduciary duty theory, such that

her claim against it arises under ERISA.[17]  Also on October 17, 2001, the defendants in C.A. 01-

1951 moved to sever and remand the Polleys' divorce proceeding, while urging the Court to

retain jurisdiction over the plaintiff's ERISA claim.[18]  In an Order dated January 31, 2002, this

Court granted the defendants' motion to sever and remand the divorce proceeding, while

---

16. See, August 27, 2001 letter from plaintiff's counsel to Robert Levin, Manager/Retirement Administrator of the Plan at p. 22 of the exhibits attached to the moving defendants' concise statement of facts.

17. See, pp. 27-29 of the exhibits attached to the moving defendants' concise statement of facts.

18. See, pp. 30-32 of the exhibits attached to the moving defendants' concise statement of facts.

retaining jurisdiction over the plaintiff's ERISA claim.[19]  On April 19, 2002, the plaintiff's

ERISA claim in C.A. 01-1951 was dismissed without prejudice, upon the plaintiff's motion to

voluntarily dismiss the suit.

        The plaintiff filed her present complaint on May 31, 2006, at which time more

than four years elapsed since the plaintiff had actual knowledge of the defendants' alleged

misconduct, and the fact that such acts could support a claim for breach of fiduciary duty.

Clearly then, the plaintiff's purported ERISA claims are time-barred.[20]  Thus, the moving

defendants' current motion, treated as a motion for summary judgment, should be granted.

        In Count IV of the complaint, the plaintiff asserts a state law forgery claim against

Donald Polley.  According to the complaint, both the plaintiff and Mr. Polley are residents of

Pennsylvania.[21]  It is well settled that in the absence of a viable federal claim, this Court should

decline to exercise supplemental jurisdiction over the plaintiff's remaining state law claim.

United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966); 28 U.S.C. § 1367(c)(3).

        Therefore, it is recommended that the motion to dismiss or for summary judgment

submitted by the moving defendants, treated as a motion for summary judgment, be granted, and

that the complaint also be dismissed as to defendant Donald Polley.

        Within thirteen (13) days after being served with a copy, any party may serve and

file written objections to this Report and Recommendation.  Any party opposing the objections

---

19.   See, p. 42 of the exhibits attached to the moving defendants' concise statement of facts.

20.   We find no merit in the plaintiff's argument that the statute of limitations should be
equitably tolled, as the doctrine of equitable tolling does not apply to the statutory limitations
scheme in 29 U.S.C. § 1113.  See, In Re Unisys Corp., 242 F.3d 497, 503 (3d Cir. 2001).

21.   See, complaint at ¶¶ 1-2.

shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file

timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,


s/ROBERT C. MITCHELL
United States Magistrate

Dated: October 11, 2006